Our third argument of this morning comes in Appeal 23-1551, the United States v. Reiquon Gaines. Jolene, nice to see you. Good morning. May it please the court, my name is Jeff Levine, I represent Reiquon Gaines. The district court in this instance based a sentence on unreliable double hearsay from defendant's prior case. It was a police statement of what a co-defendant had said, that Reiquon was a mastermind, that he planned and recruited others, and the court also used incident reports from prior cases. Sentences must be based on reliable information. Hearsay is admissible if it has a sufficient indicia of reliability. Here, we have a co-defendant in a prior case minimizing his involvement as heard by a police officer. It's our position that this is not reliable, and the sentence was based on it. Where is that second part of what you just said, and the sentence was based on it? Where should we find that? Well, I think... That's a problem, right? I mean, because the judge clearly mentions it, but where is the... Where should we conclude it, and the sentence was based on it? It kind of becomes a theme. It kind of becomes a theme for the case. Well, he is kind of a bank robber. Yes. He is kind of a bank robber. There's no question. I have to concede that at this point. He's kind of a bank robber, but what kind of a bank robber? I mean, and the issue is whether or not the district court determines what kind of a bank robber he is. Now, the district court has an idea that he's a violent bank robber, a bank robber that hurts people, a mastermind who planned and recruited others, where it was more than drug-induced activity, when in fact there's throughout the... We present all types of evidence that he's a drug addict. The actions that occur were drug addict actions. The other thing is whether or not he's a career offender. The court uses prior and co-ed crimes such as aiding and abetting and attempt. Unambiguous terms. These are not crimes of violence. In fact, even in the instant case, his entire action was jumping the teller counter and saying where's the money? Now, he was black. There's no question of that, but that does not make it a crime of violence. Nothing he's done in his past... But it's not a matter of like colloquially was there violent conduct or was there just a descriptive matter. Was it right? We have an application note to the applicable guideline provision that tells us that the Sentencing Commission has concluded that in co-ed offenses related to bank robbery qualify as crimes of violence within the meaning of the provision. In other words, we can't just sidestep that by sitting here in the courtroom and saying, well, it didn't seem that violent to me. It's an unambiguous term. It's not an ambiguous term that has to be defined. It stands to reason that people who are violent, who commit violent activity, should have a higher level of punishment than those who do not commit violent crimes. Now, the district court judge specifically told Mr. Gaines, you're hurting people. I want you to stop hurting people. There's no basis for that. There's no basis for that in this case. There's no basis for that in prior cases. He's never hurt anyone. Finally, with regard to the substantial risk of death or serious bodily injury, he went through a stop sign. I don't think the substantial risk of death or serious bodily injury is adequately demonstrated by the facts. Mr. Gaines is a plumber. 60 some odd miles an hour with a child in the backseat who's untethered and with armed police people in pursuit, right? I don't think he was going 60. It was a snowstorm. That's what the record says. I can't. I understand. But there was a snowstorm going out and he ran into a snowbank. Substantial risk. It's not my best argument. I'll give it to you there. Mr. Gaines. It's not your best argument. That's why it's third. All right. He's a 29-year-old. His crimes. I mean, it's worse. It's worse than worse. He crashed into a snowbank and then he fled. Now, he was caught, but he fled while there's a young child, his own daughter. Yes, his own daughter. Yes. Who's three years old in the backseat. Correct. And it's, you know, sub-freezing and he's running from the police department. Again, consistent with being a drug user. Yeah. Shift over to arguments one and two, perhaps. Your Honor, we're seeking re-sentencing in this matter for a different judge. Thank you. Okay. Yeah. We'll give you a rebuttal time. Don't worry about it. Okay. Let's hear from the government. May it please the court, Kate McClellan for the United States. The district court did not abuse its discretion by referring to facts contained in defendant's prior pre-sentence investigation report. Defendant argued in mitigation that he had a history of substance abuse, including at the time of his prior offenses. In response to that argument, the court asked whether there was any evidence that defendant had in fact been intoxicated at the time that he committed his prior crimes. The defense invited the district court to infer from the circumstances of defendant's longstanding struggle with addiction that the defendant had in fact been intoxicated at the time of his prior bank-related offenses. The district court chose to reject that inference, pointing instead to facts that were contained in the defendant's prior PSR that it believed undercut the defendant's suggestion that his prior crimes were spontaneous, off-the-cuff, or drug-induced. The district court's decision not to draw this inference was not in any way an abuse of discretion. It explicitly considered substantial indications of recurring drug usage by the defendant when imposing sentence, wanting to make sure that the defendant received drug treatment. Did the officer who prepared the PSR in this case have access to or a right to look at the previous PSRs? Yes. So, the officer who prepared the pre-sentence investigation report in this 2020 case also prepared the pre-sentence investigation report in the Northern District of Illinois from the 2016 case. And because the defendant had moved here in the Northern District of Illinois for both pre-sentence investigation reports from Texas and from Illinois to be released, everyone had access to those items. Including the probation officer who wrote this report? That's correct. Now, at the time of imposing sentence, the court considered that it was mitigating that the defendant told this probation officer that he had been intoxicated at the time that he robbed the bank in this case. Now, the court said it didn't weigh that very heavily in mitigation. But you could infer from all of this that the court was trying to find out whether or not the defendant had been intoxicated at the time of prior crimes to also weigh that in mitigation. However, as the defendant conceded at sentencing, there was no specific evidence of that. Is that a necessary component to justify your position? Must we conclude that there is sufficient evidence that the district court was trying to mitigate the sentence he was going to give? I don't think that that is required here. I think that it's something that you could infer from how everything unfolded in the record at the third sentencing hearing. But ultimately, the court did not abuse its discretion by referring to facts in that prior PSR. I mean, it seems to me he just as readily could have looked at those prior reports and decided this guy is a recidivist, period. No hope. This guy has no hope. I'm going to put him away for quite a while. Would that have been a permissible thing for the judge to do on the basis of those PSRs? No, Your Honor, because what the court was pulling out from its review of those prior PSRs was two things. First, when it opened the third sentencing hearing, the court said, I looked at the prior PSRs and I did so to determine whether the defendant had previously received below-guideline sentences, which goes to the need for specific deterrence. Then second, in response to defendant's mitigation argument and in response to further questioning by the court about that mitigation argument, the court offered as a counterpoint a specific paragraph stating some facts that had been contained in the prior PSR. But that was offered as a rebuttal and not as a basis for imposition. I understand that. But I've got somebody around here who's going to have to write an opinion that's going to help district judges understand when they can and when they can't look at prior PSRs. And I'm trying to find out from the government here what you think the guidelines ought to be, what the boundaries ought to be on what a district judge can do. I think that's what . . . we really want to do justice to this individual, but in writing an opinion, that's going to be a very important thing for every district judge in this circuit is going to be waiting, want to know. Of course. So, I believe that what happened here in this case is sufficient in that if the district court is going to rely on specific facts from a prior PSR, it cites specifically to what facts it is that it's considering and how that affects its imposition of sentence. Now, I believe that the court here, in imposing a sentence, actually relied more substantially on the defendant's arguments about the need for drug treatment and the mitigating facts of his longstanding substance abuse. What's the government's position on the more pure legal question that Judge Ripple is asking? In other words, that in undertaking the obligation that's imposed by Section 3053A at sentencing, that the district court does not commit legal error if it acquires orders, otherwise receives prior pre-sentence investigation reports that relate to the defendant, so long as there's closure to defense counsel in the current case, and therefore that there's fair argument that can be made on both sides as to what findings, inferences to make and not make. Is that your position? Yes, it is, Your Honor. And the case law really addresses whether or not the PSR in the instant case is reliable, but I think that we could extrapolate that essentially there was no contest by the defendant here that those underlying PSRs were in any way unreliable. The defendant didn't raise an objection when the district court brought up the specific parts of the prior PSR that it was relying on. And so at that point... The prior PSRs went to defense counsel in the district court? Yes. The defense made a motion at the time of the change of plea to access... There's no question that the defendant was aware of the content of them and could formulate whatever arguments he chose to formulate. That's correct. And my understanding from how the defense made its principal arguments in mitigation regarding defendant's history is that it did rely on historical information that was contained in those pre-sentence reports. I would also note that the district court correctly applied the career offender guideline and the reckless endangerment guideline to this defendant. Even if there was some error in applying these guidelines, it was harmless. The district court stated that it would have imposed the same 160-month sentence even if it had not applied those guidelines. What about Mr. Levine's point about the non-violent factual nature of some of the prior offenses that... And, you know, they were just, you know, they were inchoate and they don't qualify as crimes of violence. Well, I think this court's opinions on the applicability of Application Note 1 are very clear that inchoate offenses do count as crimes of violence. And in fact, since the time of the sentencing, inchoate offenses have been moved into the guideline specifically. And so there really is no question that inchoate offenses are counted towards the guideline and also that robbery is specifically an enumerated offense within the guideline and therefore must count as crime of violence. With that, unless there are further questions from the court, I will close by asking you to affirm the sentence of the district court. Thank you. Ms. McClellan, thanks to you. Mr. Levine, you're welcome to use your rebuttal time. Thank you. Unless the court has any questions, I think my position is well laid out in the briefs. Okay. Hearing none, you took this case on appointment, correct? I did.  We very much appreciate that. We appreciate your willingness to serve Mr. Gaines in that way and the service you provided to the court. So thank you very much. Thank you. And have a good holiday season. Yep. Same to you. And with that, we'll take the appeal under advisement.